# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **REBECCA L. BRELAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| v. | ) | _____ |
| | ) | |
| **HOMECHOICE OF ALABAMA, INC.,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights and violations of the False Claims Act, Title 31 U.S.C. § 3730 *et seq.*, (hereinafter "FCA"). This action specifically asserts violations of the anti-retaliation provisions of the FCA, codified at 31 U.S.C. § 3730(h).

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction in accordance with 28 U.S.C. §1331.

3. The unlawful employment practices alleged herein below were committed by Defendant within Baldwin County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391, 31 U.S.C. § 3732 and § 3730(h)(2) .

### III. PARTIES

4. Plaintiff, Rebecca L. Breland (hereinafter "Plaintiff" or "Breland"), is a female citizen of the United States and a resident of Baldwin County, Alabama. At times relevant hereto was Plaintiff was an "employee" of Defendant as that term is defined in 31 U.S.C. §3730(h)

5. Defendant, Homechoice of Alabama, Inc., (hereinafter "Homechoice" or "Defendant"), is an Alabama corporation who at all time relevant hereto did business as Springhill Home Health and Hospice.

### IV. FACTUAL ALLEGATIONS

6. Plaintiff was employed by Defendant from April 9, 2018 until she was unlawfully terminated on April 5, 2019. At the time of her termination, Plaintiff was employed as Clinical Manager over Defendant's Baldwin County operations. As Clinical Manager, Plaintiff oversaw and supervised nurses and other care givers who went to patient's homes and residential facilities and provided healthcare services. On March 27th and March 28th of 2019, Plaintiff discovered irregularities in entries made by two nurses employed by Defendant concerning patient visits. Plaintiff determined that these irregularities violated Medicare regulations, and she became concerned that this could result in liability for Defendant for healthcare fraud.

7. On April 3, 2019 Plaintiff emailed copies of documents related to the irregularities to Connie Purcell, Defendant's Corporate Compliance Officer, and asked that

Ms. Purcell call Plaintiff to discuss the situation. Ms. Purcell called Plaintiff later that day, and Plaintiff explained what she had found. Ms. Purcell encouraged Plaintiff to discuss her findings with Sherri Wendell and Ian Burge. Wendell was the Home Health Administrator and Director of Nursing and Burge was a Regional Director for Defendant. Plaintiff contacted both on April 4, 2019 and discussed some of her findings and her concerns.

8. On the afternoon of April 5, 2019, Sherri Wendell called Plaintiff in to attend a meeting at the Defendant's Baldwin County hospice office. When Plaintiff arrived she was directed to an office where Wendell and Burge were waiting and a meeting was held wherein Plaintiff was terminated.

## V. CAUSE OF ACTION

9. Plaintiff realleges and incorporates by reference paragraphs 1 through 8 above with the same force and effect as if fully set out in specific detail below.

10. The FCA prohibits retaliation against employees for investigating conduct prohibited under the FCA and/or complaining about unlawful behavior. 31 U.S.C. §3730 (h).

11. Defendant terminated Plaintiff because of her actions is identifying and reporting acts which Plaintiff concluded amounted to healthcare fraud. Such a termination violates the anti-retaliation provisions described above and entitles Plaintiff to reinstatement and to also recover 2 times the amount of her back pay, interest on the back pay, and compensatory damages as well as litigation costs and reasonable attorneys' fees.

12. As the result of Defendant's conduct, Plaintiff was deprived of income and

3

other benefits due her. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a. Declare Defendant's conduct to be in violation of Plaintiffs rights;

b. Enjoin Defendant from engaging in such conduct;

c. Reinstate Plaintiff to her position or award her front pay in lieu of reinstatement;

d. Award Plaintiff 2 times her back pay;

e. Award Plaintiff compensatory damages;

f. Award Plaintiff costs and attorney's fees;

g. Award Plaintiff any and all other equitable relief to which she is due;

h. Grant such other relief as the Court may deem as just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

    /s/   Richard W. Fuquay
RICHARD W. FUQUAY (FUQUR6214)
DIAMOND FUQUAY, LLC
3280 Dauphin Street, Suite B129
Mobile, Alabama 36606
Telephone: (251) 473-4443
Facsimile: (251) 473-4486
E-mail: rwf@diamondfuquay.com

        /s/ James A. Johnson
        JAMES A. JOHNSON (JOH126)
        James A. Johnson, P.C.
        P.O. Box 1210
        Irvington, AL 36544
        (251) 473-1800
        jjohnson@jamesajohnsonpc.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**
Ian Burge, Registered Agent
Homechoice of Alabama, Inc.
22 North Mobile Street
Mobile, Alabama 36607